UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SRB SERVICING, a Florida limited liability company,<br><br>                Plaintiff,<br><br>  vs.<br><br>BROADWAY COMMUNITY PENTECOSTAL CHURCH, a California corporation; and DOES 1 through 10, inclusive,<br><br>                Defendants. | CASE NO. CV 14-09480-PA (MANx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

       The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

       On December 10, 2014, James Lamar Young ("Young") filed a Notice of Removal of an unlawful detainer action commenced by a complaint filed against defendant Broadway Community Pentecostal Church, a California corporation ("Defendant"), on September 4, 2014 (the "Complaint"), in Los Angeles Superior Court Case No. BC556736. Young also presented an application to proceed *in forma pauperis* on his own behalf. The Complaint alleges what appears to be a routine state law unlawful detainer claim against Defendant (the "Unlawful Detainer Action"). Young is not named as a defendant in the Unlawful Detainer Action. The Court has denied the *in forma pauperis* application under

separate cover, because the Unlawful Detainer Action was not properly removed. To prevent the Unlawful Detainer Action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

Young alleges that the Complaint is removable, because this Court has original jurisdiction over the Unlawful Detainer Action pursuant to 28 U.S.C. § 1331. However, given that the Complaint does not allege any basis for federal subject-matter jurisdiction, there is no basis for concluding that the Unlawful Detainer Action could have been brought in federal court in the first place; therefore, removal is improper. 28 U.S.C. § 1441; *see* Exxon Mobil Corp v. Allapattah Svcs., Inc., 545 U.S. 546, 563, 125 S.Ct. 2611 (2005).

As a threshold matter, it appears that Young lacks standing to remove the Unlawful Detainer Action. He is not named as a defendant and does not allege that he has been served with process and appeared as a Doe defendant. Rather, Young purports to act as, and to represent, the sole named defendant, the Broadway Community Pentecostal Church, which is alleged to be a California corporation -- a status Young does not dispute. A corporate entity may not appear on a *pro se* basis, and it may only appear through counsel. *See* Local Rule 83-2.2.2.

With respect to federal question jurisdiction, the Complaint presents a routine state law unlawful detainer action and does not raise any federal question or issue. Young asserts that federal question jurisdiction exists, because: he filed a demurrer in the Unlawful Detainer Action based on the argument that Plaintiff did not comply with the notice requirements of California Code of Civil Procedure § 1161(2); his demurrer was not sustained; and a resolution of the issue raised by the demurrer requires a determination of Young's rights and Plaintiff's duties under federal law. To invoke removal based upon federal question jurisdiction, however, the federal issue or claim must arise in the underlying complaint which the defendant seeks to remove. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808, 106 S. Ct. 3229 (1986) ("the question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded

complaint,' and "the question for removal jurisdiction must" be determined based upon the complaint's allegations). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.* Even if Young had standing and could establish that plaintiff has engaged in wrongful conduct in violation of federal law in connection with the rental property that is the subject of the Unlawful Detainer Action, this would be a defense or cross-claim in that state action and/or the basis for a separate lawsuit, which does not confer federal question jurisdiction over the Unlawful Detainer Action.

Young does not contend that diversity jurisdiction exists. The Complaint's allegations indicate that the amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. Thus, it appears that diversity jurisdiction is lacking. *See* 28 U.S.C. § 1332(a).

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, Stanley Mosk Courthouse, 111 N. Hill Street, Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk shall send a certified copy of this Order to the state court; and (3) the Clerk shall serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: December 12, 2014

PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

- 3 -